IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GRACIELA ITHIER-COMAS, et al.,<br><br>**Plaintiff(s)**<br><br>v.<br><br>ANIBAL ACEVEDO-VILA, et al.,<br><br>**Defendant(s)** | CIVIL NO. 06-1428(JAG) |

**ORDER**

On May 4th, 2006, Plaintiffs–-employees, teachers and students of the Puerto Rico Department of Education–-filed a complaint alleging federal constitutional violations as a result of Governor Acevedo-Vila's partial shutdown of the Commonwealth's government due to a fiscal crisis. Pursuant to 42 U.S.C. § 1983, plaintiffs seek redress for the following violations:

1) Substantive Due Process;

2) Procedural Due Process;

3) First Amendment (Political Discrimination);

4) Failure to Comply with Commonwealth Law pertaining to layoffs of government employees;[1]

5) Violation of Republican Form of Government.

---

[1] As the Magistrate-Judge correctly noted, this state-law claim is "one necessarily brought under the Court's supplemental jurisdiction." (Docket No. 12 at 1).

Civil No. 06-1428 (JAG)                                                      2

On that same date, the Court referred the matter to a Magistrate-Judge for a prompt injunction hearing and a Report and Recommendation. (Docket No. 6). A day after the referral, Magistrate-Judge Gustavo A. Gelpi issued a partial recommendation to dismiss the plaintiffs' First Amendment, substantive due process and republican form of government claims, as he found that: 1) there is no federally recognized substantive due process right to education or employment;[2] 2) plaintiffs cannot claim political discrimination under the First Amendment because the shutdown did not exclusively affect members of the New Progressive Party, but also supporters of the governor and people not affiliated to any political party;[3] and 3) there is no legal authority supporting federal court jurisdiction over controversies based on a purported republican form of government violation.[4] (Docket No. 12 at 2).

As for the procedural due process claim, the Magistrate-Judge noted that the "issue boils down to whether a temporary government shutdown requires that [Department of Education] employees and students be afforded any "process" prior or subsequent to the shutdown." Accordingly, the Magistrate-Judge ordered plaintiffs to

---

[2] Citing San Antonio Independent School District v. Rodriguez, 411 U.S. 1, 3 (1973)(education); Massachusetts Board of Retirement v. Murgia, 427 U.S. 307, 313 (1976)(employment).

[3] Citing United States v. Acevedo-Delgado, 167 F.Supp.2d 477, 480 (D.P.R. 2001).

[4] Citing Senate of Puerto Rico v. Acevedo-Vila, 2005 WL 2671043 (D.P.R. 2005).

Civil No. 06-1428 (JAG)                                                     3

submit a memorandum of legal authority providing adequate grounds to sustain their procedural due process claim.  The "Order and Partial Recommendation" was issued pursuant to 28 U.S.C. § 636 and Local Rule 72(d); thus, objections to it were due by May 19th, 2006.

On May 15th, 2006, Magistrate-Judge Gelpi issued a Report and Recommendation finding that "[p]laintiffs' remaining ground for preliminary injunctive relief  (Procedural Due Process) is **MOOT**, given that the Government shutdown has ended." (Docket No. 15).  On May 30th, 2006, plaintiffs filed a Motion conceding that their request for preliminary injunctive relief had become moot.  In the same motion, Plaintiffs also filed objections to the Magistrate-Judge's recommendation to dismiss their substantive due process and First Amendment claims.  No objection was filed regarding the Magistrate-Judge's recommendation to dismiss the republican form of government claim, and no answer to the question regarding the procedural due process claim was tendered.

As the Court noted above, the objections to the Magistrate-Judge's recommendations of May 5th, 2006, were due by May 19th, 2006.  Inasmuch as plaintiffs filed their objections eleven days after the deadline imposed by Local Rule 72(d), and since no motion for extension of time to file objections was ever filed by the plaintiffs, the Court will not entertain them. It must be noted, nonetheless, that even if the Court were to consider the objections, the same would still fail, as plaintiffs only provide conclusory

Civil No. 06-1428 (JAG)                                                    4

allegations and do not elaborate an argument supported by authorities.

## CONCLUSION

For the reasons discussed above, the Court **DISMISSES** all federal claims with prejudice.  State law causes of action are dismissed without prejudice.  Judgment shall enter accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of June, 2006.

>                          S/Jay A. Garcia-Gregory
>                          JAY A. GARCIA-GREGORY
>                          United States District Judge